Gillis, use &c. v. Holly.

GILLIS, use, &c. *vs.* HOLLY.

1. The attorney of the successful party is entitled to the tax fee in a suit, and not the party himself.

Error to the Circuit Court of Covington. Tried before the Hon. E. Pickens.

This was an action of assumpsit by the plaintiff in error against the defendant, to recover on the common counts, for services rendered as an attorney and counsellor at law. The plaintiff's witnesses testified that his services were worth one hundred dollars, exclusive of the tax fees, which amounted to one hundred and thirty-five, and which the plaintiff had received. The court charged the jury, that the tax fee allowed in a suit does not belong to the attorney in the case, but to the successful party; and that the attorney has no right to receive it and appropriate it to his own use without the consent of his client. The plaintiff excepted to this charge, and now assigns it as error.

*Gillis, use &c. v. Holly.*

·. WATTS, JUDGE & JACKSON, for plaintiff in error.

. HENRY, *contra.*

COLEMAN, J.—The question raised for our decision in this case is, who is entitled to the fee, usually called the tax fee, collected of the unsuccessful party on the final decision of a cause in a court of record.

The act of 1812 declares, "that the clerks, sheriffs and other officers and persons hereinafter named, shall be entitled to demand and receive for the services hereinafter mentioned, the fees thereto respectively annexed," &c., and in the same act counsellors and attorneys at law are allowed the fees therein named for prosecuting or defending suits.

By the act of 1815, it is declared " that the party prevailing in any suit, which may be brought in any of the courts of this State, shall be considered as entitled to the tax fee allowed the attorney, and recover the same against the party cast in the suit."

There was no provision in the first act, saying from whom and in whose name the attorney's fees should be collected, and we think the last act was intended to remedy this defect and not repeal the first act. If there was any doubt about this construction of the acts, we ought, certainly, to consider it as fully settled by the continued practice of the courts of this State for the last thirty years, to give the tax fees to the attorney, and not to the client.

The court below erred in ruling to the contrary, and the judgment must be reversed and the cause remanded.